## MILLERICK v. WING et al.

(Supreme Court, Appellate Division, Third Department.   June 24, 1909.)

1. MASTER AND SERVANT (§ 153*)—INJURIES TO SERVANT—NEGLIGENCE—FAIL-
   URE TO WARN.
   Where plaintiff, a boy 16 years old, of average intelligence, was in-
   structed as to the operation of a candy-molding machine, which con-
   sisted of but two power rollers, the master was not negligent in failing
   to warn him that, if he got his fingers between the rolls, they would be
   crushed.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 314–
   317; Dec. Dig. § 153.*]

2. MASTER AND SERVANT (§ 218*)—INJURIES TO SERVANT—ASSUMED RISK.
   Plaintiff, a boy 16 years old, after having been instructed, was directed
   to operate a candy-molding machine, which he did successfully for 3½
   days, until some of the candy, being overheated, stuck to the rollers.
   Plaintiff was instructed by the foreman to put flour on the rolls, and as
   he was doing this his fingers stuck in the candy, and two of them were
   drawn between the rolls and injured.   *Held*, that the danger was obvious,
   and that plaintiff assumed the risk.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
   601–609; Dec. Dig. § 218.*]

3. MASTER AND SERVANT (§ 190*)—INJURIES TO SERVANT—NEGLIGENCE OF
   FOREMAN—FELLOW SERVANTS.
   Negligence of the foreman of a candy factory in leaving candy on the
   rolls of a molding machine and directing a minor operator to drop flour
   on the moving rolls, in doing which the operator's fingers became stuck
   in the candy and were injured between the rolls, was the negligence of
   a fellow servant in a matter of detail, for which the master was not
   liable.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–
   474; Dec. Dig. § 190.*]

   Chester and Kellogg, JJ., dissenting.

Appeal from Trial Term, Albany County.

Action by Francis Millerick, an infant, by Johanna Millerick, his
guardian ad litem, against Albert J. Wing and another.   From a judg-
ment for plaintiff, and from an order denying a new trial, defendants
appeal.   Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEW-
ELL, and COCHRANE, JJ.

Neile F. Towner, for appellants.
William J. Grattan (John Scanlon, of counsel), for respondent.

SMITH, P. J.   The action is for damages for injury suffered by the
plaintiff while in the defendants' employ, claimed to have been caused
by the defendants' negligence.   The defendants were candy manufac-
turers.   The plaintiff, a boy 16 years of age, hired out to them as a
candy maker's helper in July, 1902.   He had previously worked for 2½
years in two different candy manufactories.   In the defendants' fac-
tory was operated what is called a "nugget machine."   The nature and
operation of this machine was clearly shown by the illustrations in the
circulars handed up to the court.   The machine consists simply of two
rollers operated by power.   In these rollers are corresponding indent-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed cavities, so that, when the candy is rolled through, these indentations form little candy nuggets, which drop out of the machine upon the further side. The candy is put through in strips about six inches wide, and to prevent its sticking to the machine it is freely floured.

This machine had been prior to October, 1902, worked by a man named Wilbur. In that month the defendants' foreman told the plaintiff that he had a job for him, and that Wilbur would teach him how to operate the machine. Wilbur did give him instructions in operating the machine, and for 3½ days the plaintiff operated the machine himself without trouble. Upon the fourth day, by reason of the candy having been overheated, it stuck to the rollers. The plaintiff called the attention of the foreman to this fact, and the foreman stopped the machine and dug out the candy from the little cavities in the rollers. The plaintiff was then instructed to put flour upon the rollers. The testimony of the foreman is to the effect that he was told to throw it upon the rollers as they were moving. The testimony of the plaintiff is to the effect that he was told to put his hand down near to the roller and drop it as the roller was moving. While in the act of putting flour upon the roller, his hand was caught between the rollers, resulting in the injury to two of his fingers, which were afterwards required to be amputated. It is for this injury that the jury has awarded a verdict of $2,000.

It is difficult to see how, under these circumstances, the defendants can be held liable for this injury. Assuming, for the argument, that the defendants were negligent in failing to place a guard upon the machine, the absence of the guard was evident. It matters little whether the plaintiff was feeding the machine from one side or the other, or was putting the flour upon the rollers from one side or the other. If those rollers were rolling together, a mere child would have seen that to get his fingers between them would cause his fingers to be crushed. The plaintiff, however, urges a distinction between this case and a case of apparent danger. He says that some candy had been left upon the rollers, and he was not warned by the superintendent that if he placed his fingers near enough to the machine to get touched by the candy that they might be drawn into the machine thereby. The contention that there was candy upon the machine, by reason of which his fingers were drawn between the rollers, hangs upon a very slender thread of evidence. There is much evidence to the contrary. But if we assume for the argument that there was sufficient to make this a question of fact for the jury, any danger to be apprehended therefrom was just as evident to this plaintiff as it was to the foreman. It is not every conceivable danger of which a master must warn his servants. It is only those dangers which by a man of ordinary prudence ought to be anticipated as threatening injury. To hold that the master was bound to inform a 16 year old boy that if he got his fingers between two rollers they would be crushed, or if a little candy happened to remain upon the rollers he should be careful not to get his hand stuck in that candy, would seem to be a most unreasonable requirement, and the defendants have here been held liable for an accident which no reasonably cautious man would have anticipated to a boy of any intelligence whatever.

This boy was no mere child. He had been working in a candy factory 2½ years. There is nothing in the case to indicate that he was not a

boy of ordinary intelligence. He had been instructed in the use of this machine by his predecessor, Wilbur, and the criticism that he was called to a dangerous place without notice of a hidden danger is hardly justified by the evidence. The action is not brought under the employer's liability act (Laws 1902, p. 1748, c. 600). Any negligence of the foreman in leaving the candy upon the rolls was not the negligence of the master, but was the negligence of a co-employé, as it was negligence in a matter of detail. I can find no ground upon which the defendants can be held liable, and therefore recommend that the judgment and order be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur, except CHESTER and KELLOGG, JJ., who dissent.